**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY LUPO,** | ) | |
| | ) | **Case No. 1:23-cv-1476** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MONEYLION, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ANTHONY LUPO, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, MONEYLION, INC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.     This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II.  JURISDICTION & VENUE

2.     Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4.     ANTHONY LUPO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Libertyville, County of Lake, State of Illinois.

5.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6.      At all relevant times, Plaintiff had an asset account in his name with Defendant (hereinafter, "Plaintiff's MoneyLion Account").

7.      At all relevant times, Plaintiff's MoneyLion Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8.      At all relevant times, Plaintiff's MoneyLion Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9.      MONEYLION, INC., (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant is incorporated in the State of Illinois.

10.     At all relevant times, Defendant was a bank that held Plaintiff's MoneyLion Account.

11.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12.     At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13.     At all relevant times, unknown third parties received funds from Plaintiff's MoneyLion Account, which were transferred to unknown third parties via an electronic terminal, telephonic instruction or computer or magnetic tape after unknown third parties instructed Defendant to transfer funds to unknown third parties from Plaintiff's MoneyLion Account.

**IV.** **ALLEGATIONS**

14.     On or about February 10, 2023, $5,000.00 was debited from Plaintiff's MoneyLion Account by unknown third parties and transferred to FanDuel – a business with whom Plaintiff does not now have nor never had any relationship.

15.     On or about February 13, 2023, $5,000.00 was debited from Plaintiff's MoneyLion Account by unknown third parties and transferred to FanDuel – a business with whom Plaintiff does not now have nor never had any relationship.

16.     On or about February 16, 2023, $5,000.00 was debited from Plaintiff's MoneyLion Account by unknown third parties and transferred to Caesars Sportsbook – a business with whom Plaintiff does not now have nor never had any relationship.

17.     Prior to February 10, 2023, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's MoneyLion Account on February 10, 2023, 13 and 16, by these unknown third parties.

18.     Plaintiff did not provide any third parties with consent to debit funds from Plaintiff's MoneyLion Account on February 10, 13 or 16, 2023.

19.     Plaintiff did not provide Defendant with consent for unknown third parties to debit funds from Plaintiff's MoneyLion Account on February 10, 13 or 16, 2023.

20.     Prior to February 10, 2023, Plaintiff was not aware that $15,000.00 was to be debited from Plaintiff's MoneyLion Account by unknown third parties, as delineated above.

21.     On February 15, 2023, Defendant sent a communication to Plaintiff advising that there was suspicious activity happening on Plaintiff's MoneyLion Account and that Defendant would be freezing the account from any activity.

22.     On February 15, 2023, Plaintiff ascertained that $15,000 was debited from Plaintiff's MoneyLion Account by the aforementioned unknown parties.

23.     On February 17, 2023 Plaintiff provided Defendant with written notice that he disputed the debit of funds by unknown third parties relative to Plaintiff's MoneyLion Account on February 10, 13 and 16, 2023.

24.     On February 17, 2023, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's MoneyLion Account, such as:

      a.     Plaintiff's MoneyLion Account number;

      b.     Plaintiff's personal identifying information;

      c.     The name under which Plaintiff's MoneyLion Account was registered;

      d.     The date of the transaction which Plaintiff disputed relative to Plaintiff's MoneyLion Account;

      e.     The amount of the transaction which Plaintiff disputed relative to Plaintiff's MoneyLion Account;

      f.     The transaction reference number relative to the transaction Plaintiff disputed with respect to Plaintiff's MoneyLion Account; and

      g.     Plaintiff's photo identification.

25.     On February 17, 2023, Plaintiff provided Defendant with oral and written notice that he believed an error was contained on the aforesaid monthly account relative to the debit of funds by unknown third parties relative to Plaintiff's MoneyLion Account on February 10, 2023, 13 and 16.

26.     On February 17, 2023, Plaintiff provided Defendant with oral and written notice that he believed the debit of funds by unknown third parties relative to Plaintiff's MoneyLion Account on February 10, 2023, 13 and 16 was an unauthorized electronic transfer of funds from Plaintiff's MoneyLion Account to unknown third parties.

27.     On February 17, 2023, Plaintiff informed Defendant that he did not provide unknown third parties with consent to debit funds from Plaintiff's MoneyLion Account on February 10, 2023, 13 and 16.

28.     On February 17, 2023, Plaintiff provided Defendant with oral and/or written notice of the circumstances as to why Plaintiff believed the debit of funds by unknown third parties on February 10, 2023, 13 and 16, was carried out in error, such as:

      a.      Plaintiff never authorized the debit of funds from Plaintiff's MoneyLion Account;

      b.      Plaintiff never provided unknown third parties with permission, consent or authority to debit funds from Plaintiff's MoneyLion Account;

      c.      Plaintiff never performed any such transactions out of his MoneyLion Account;

      d.      Said transactions and amounts of transactions were entirely inconsistent with previous account activity.

29.     In response to Plaintiff's dispute, on February 22, 2023, Defendant advised Plaintiff that his account was being permanently closed and that he was not eligible to receive any of the funds that remained in the account.

30.     On February 24, 2023, Defendant responded to Plaintiff's dispute over the three $5,000 transfers that no error had occurred and that Plaintiff would not be receiving his funds.

31.     On or about February 27, 2023, both of the $5,000 transactions that were transferred to FanDuel were returned by FanDuel.

32.     Defendant has refused to investigate the remaining transaction that Plaintiff did not allow.

33.     To date, Defendant has not conducted a sufficient investigation relative to the error complained of by Plaintiff.

34.     Defendant has not issued Plaintiff a credit for the funds debited by unknown third parties from Plaintiff's MoneyLion Account.

35.     Presently, Plaintiff remains without $5,000.00 debited by unknown third parties from Plaintiff's MoneyLion Account.

36.     Upon information and belief, Defendant is neither legally responsible or obligated to pay the $5,000.00 debited by unknown third parties from Plaintiff's MoneyLion Account.

37.     Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(a).

38.     Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(c).

39.     Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(e)(1) and (2).

40.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, ANTHONY LUPO, by and through his attorneys, respectfully prays for respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

        a.     All actual compensatory damages suffered;

        b.     Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

        c.     Plaintiff's attorneys' fees and costs; and,

        d.     Any other relief deemed appropriate by this Honorable Court.

## V.     JURY DEMAND

41.     Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**ANTHONY LUPO**

By:     s/ David M. Marco       
              Attorney for Plaintiff

Dated: March 9, 2023

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
5250 Old Orchard Rd, Suite 300
Skokie, IL 60077
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com